**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ANGELA WILLIAMS,**<br><br>Plaintiff,<br>**vs.**<br><br>**MIDLAND CREDIT MANAGEMENT, INC. AND DOES 1-10, INCLUSIVE,**<br><br>Defendants. | **Civil Action No.**<br><br>**8:12-CV-1931** |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW comes Defendant Midland Credit Management, Inc. ("MCM"), by and through its undersigned counsel, who respectfully submits this Answer with Affirmative Defenses to Plaintiff's Complaint, as follows:

**ANSWER TO JURISDICTION**

1. Admitted in part and denied in part. MCM admits that Plaintiff brings her lawsuit against Midland claiming violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et seq.*, and under color of invasion of privacy, but MCM denies any liability or wrongful conduct to the extent it is alleged in this paragraph.

2. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court. 3. Admitted in part and denied in part. MCM admits, on information and belief that Plaintiff resides in this District and that some of the alleged acts took place in this District. MCM denies transacting business in the State of Maryland, except and exclusively through means of interstate commerce and denies the remaining allegations in this paragraph.

**ANSWER TO PARTIES**

4. Admitted in part and denied in part. MCM admits, upon information and belief, that Plaintiff is an adult individual who resides in Maryland. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court

5. Admitted in part and denied in part. MCM admits that MCM is a foreign corporation with a place of business at the address set out in this paragraph. MCM denies the remaining allegations in this paragraph as they consist of conclusions of law. MCM refers all questions of law to the Court

6. Denied. MCM denies these allegations and leaves Plaintiff to her proofs.

7. Admitted in part and denied in part. MCM admits that to the extent that MCM's employees are acting within the scope of their employment, MCM controls and supervises these employees. Unless otherwise admitted, MCM denies the allegations in this paragraph.

**ANSWER TO ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debts.**

8. Admitted in part and denied in part. MCM admits that Plaintiff incurred valid debts, including a debt originally owed to Verizon Maryland, Inc. in an amount in excess of $1,200 and a debt originally owed to Webbank, for Dell Financial Services, LLC, in an amount in excess of $3,600 that Plaintiff failed to pay, which were lawfully assigned to Midland Funding, LLC and which were serviced by MCM. MCM denies Plaintiff's characterization of her debts as "alleged" as both were due, delinquent and owing.

9. Denied. MCM lacks sufficient knowledge and information to form a belief as to the truth or falsity of the averments in Paragraph 9 of Plaintiff's Complaint and as such these averments are denied and Plaintiff is left to her burden of proof.

10. Admitted in part and denied in part. Plaintiff's debts were acquired through lawful assignments by Midland Funding, LLC. MCM is the servicer of Plaintiff's debt obligations currently owed to Midland Funding, LLC.

11. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court.

**B. Response to MCM Engages In Harassment And Abusive Tactics**

12. Admitted. MCM admits that it attempted to recover on Plaintiff's valid and delinquent debts within a year of the filing of this Complaint.

13. Denied. MCM denies these allegations and, specifically denies that MCM made multiple calls per day, including four calls in a single day, with respect to each delinquent debt owed by Plaintiff. A factual basis for these allegations is demanded of Plaintiff.

14. Admitted in part and denied in part. MCM admits that Plaintiff owes in excess of $3,470 on her delinquent debt originally owed to Dell and further admits that Plaintiff owes in excess of $1,200 on her delinquent debt originally owed to Verizon Maryland, Inc. MCM lacks sufficient knowledge and information to form a belief as to the truth or falsity of Plaintiff's beliefs regarding her various delinquent debts and denies these allegations and leaves Plaintiff to her proofs.

15. Admitted in part and denied in part. MCM admits that MCM contacted Plaintiff on October 22, 2011 and again, on January 24, 2012, and during these calls Plaintiff stated that she would only pay $300 on her outstanding Verizon Maryland debt. MCM denies that its records reflect that Plaintiff alerted MCM as to any perceived discrepancy between the balance she owed and the amount on her credit report, except that, as Plaintiff wanted the balance on her

credit reports to reflect each payment made toward her settlement. A factual basis for these allegations is demanded of Plaintiff.

16. Denied. MCM denies that it is charged amounts not authorized by contract or law as to either debt owed by Plaintiff and a factual basis for Plaintiff's "information" or "belief" is demanded of Plaintiff.

17. Denied. MCM denies these allegations and leaves Plaintiff to her proofs.

18. Denied. MCM denies these allegations and leaves Plaintiff to her proofs.

19. Denied. MCM denies using abusive language with respect to Plaintiff and denies that MCM proximately or directly caused Plaintiff to feel oppressed or humiliated as to either debt. A factual basis for these allegations is demanded of Plaintiff.

20. Admitted in part and denied in part. MCM admits that Plaintiff sent a payment of $347 as agreed per the terms of her agreed-to settlement. MCM further admits that Plaintiff sent a letter to MCM altering her agreed-to settlement by unilaterally reducing payments from the agreed-to monthly amount of $347 to $200. Unless otherwise admitted, MCM denies the allegations in this paragraph and leaves Plaintiff to her proofs.

21. Admitted in part, denied in part. MCM admits that Plaintiff called MCM and informed MCM that she had retained legal counsel on March 26, 2012. The balance of averments are denied and strict proof is hereby demanded.

**C. <u>Plaintiff Claim of Actual Damages</u>**

22. Denied. MCM denies engaging in any unlawful conduct with respect to either debt owed by Plaintiff. MCM further denies that it is a proximate or direct cause of any damages purportedly incurred by Plaintiff as a result of her failure to pay her debt obligations. A factual basis for these allegations is demanded of Plaintiff.

23. Denied. MCM denies engaging in any unlawful or violative acts or conduct with respect to Plaintiff regarding either debt owed by Plaintiff. MCM further denies that it is a proximate or direct cause of any damages purportedly incurred by Plaintiff, including harm in the form of humiliation, anger, fear, frustration, or embarrassment and MCM demands that Plaintiff provide a factual basis for these allegations.

24. Denied. MCM denies engaging in any unlawful or violative conduct with respect to Plaintiff regarding either debt owed by Plaintiff. MCM denies that its conduct violated the law and, denies, by extension, that MCM's conduct was outrageous, extreme, atrocious or intolerable. A factual basis for these conclusory allegations is demanded of Plaintiff.

**ANSWER TO COUNT I**

**VIOLATIONS OF THE FDCPA, 15 U.S.C. §1692, *et. seq.***

25. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, MCM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 24 as though fully set forth herein.

26. Denied. MCM denies that it engaged in any conduct that violated the FDCPA, including Section 1692d of the FDCPA. MCM denies engaging in any harassing, oppressive or abusive conduct with respect to Plaintiff in connection with either of her debts. A factual basis for these conclusory allegations is demanded of Plaintiff.

27. Denied. MCM denies that it engaged in any conduct that violated the FDCPA, including Section 1692d(2) of the FDCPA. MCM denies using any profane or abusive language in the course of conversations with Plaintiff in connection with either of her debts. A factual basis for these conclusory allegations is demanded of Plaintiff.

28. Denied. MCM denies that it engaged in any conduct that violated the FDCPA, including Section 1692e(10) of the FDCPA. MCM denies using any false or deceptive means in its efforts to recover on either debt obligation owed by Plaintiff and a factual basis for these conclusory allegations is demanded of Plaintiff.

29. Denied. MCM denies that it engaged in any conduct that violated the FDCPA, including Section 1692f(1) of the FDCPA as MCM sought to recover on debts owed by Plaintiff in amount authorized by the agreement creating the debts. A factual basis to the contrary is demanded of Plaintiff.

30. Denied. MCM denies that it engaged in any conduct that violated the FDCPA, including Section 1692c(a)(2) of the FDCPA. MCM denies that it attempted to communicate with Plaintiff regarding her Dell account after being placed on notice that Plaintiff retained counsel with respect to the Dell account. A factual basis for these conclusory allegations is demanded of Plaintiff.

31. Denied. MCM denies violating any provision of the FDCPA. A factual basis for these conclusory allegations is demanded of Plaintiff.

32. Denied. MCM denies violating any provision of the FDCPA and denies that MCM was a proximate or direct cause of any harms purportedly incurred by Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and further award all such other relief as is just and appropriate.

**ANSWER TO COUNT II**

**VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT**

**MD. CODE COMM. LAW §14-201, *et. seq.***

33. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, MCM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 32 as though fully set forth herein.

34. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court.

35. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court.

36. Denied. MCM denies that it used obscene and/or grossly abusive language in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligations. MCM specifically denies that it violated the MCDCA and MCM leaves Plaintiff to her burden of proof..

37. Denied. MCM denies that it violated the MCDCA and denies that MCM was a proximate or direct cause of any harms purportedly incurred by Plaintiff. A factual basis for these conclusory allegations is demanded of Plaintiff.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and further award all such other relief as is just and appropriate.

**ANSWER TO COUNT III**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

38. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required, MCM incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 37 as though fully set forth herein.

39. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court.

40. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. MCM refers all questions of law to the court. MCM denies violating Maryland law and leaves Plaintiff to her proofs.

41. Denied. MCM denies that it intruded upon Plaintiff's right to privacy in the course of MCM's efforts to recover on Plaintiff's valid and delinquent debt obligations and further denies that MCM harassed Plaintiff, or that MCM used abusive language with Plaintiff and MCM leaves Plaintiff to her burden of proof.

42. Denied. MCM denies that it made persistent or repeated calls to Plaintiff in connection with her two valid and delinquent debt obligations and denies that MCM's conduct could be reasonably or rationally construed as "hounding" the plaintiff or as having constituted "a substantial burden to her existence". A factual basis for these wholly conclusory allegations is demanded of Plaintiff.

43. Denied. MCM denies engaging in illegal collection activities and denies invading Plaintiff's privacy in the course of its efforts to recover on plaintiff's outstanding and delinquent debt obligations and MCM leaves Plaintiff to her burden of proof.

44. Denied. MCM denies that Plaintiff has even articulated a viable claim for invasion of privacy and denies invading Plaintiff's privacy in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligations. MCM further denies that MCM was a

proximate or direct cause of any harms purportedly incurred by Plaintiff or that Plaintiff incurred actual damages as a result of the conduct of MCM. A factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO PRAYER FOR RELIEF

MCM admits that Plaintiff seeks the damages enumerated in her Prayer for Relief. MCM denies Plaintiff is entitled to any such damages.

WHEREFORE, Defendant Midland Credit Management, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's claims with prejudice, and further award all such other relief as is just and appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to detail any violations of the FDCPA and/or MCDCA in that Plaintiff relies upon collection efforts undertaken with respect to two (2) valid and delinquent debt obligations and not, as Plaintiff alleges, a single valid and delinquent debt obligation.

**THIRD AFFIRMATIVE DEFENSE**

Any violation of the FDCPA (with all allegations of such violations being specifically denied) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**FOURTH AFFIRMATIVE DEFENSE**

If MCM violated the FDCPA or the MCDCA which is denied, Plaintiff has not incurred any actual damages as a result of the conduct of MCM and is limited in her recovery to statutory damages under the FDCPA.

**FIFTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to liability by MCM.

**SIXTH AFFIRMATIVE DEFENSE**

Any violation of the law or damage sustained by the Plaintiff (with all allegations of such violations and damages being specifically denied) was due to the affirmative actions and/or omissions of the Plaintiff or others and does not give rise to any claim for damages against MCM.

**SEVENTH AFFIRMATIVE DEFENSE**

In the event Plaintiff is able to articulate a violation of the FDCPA as against MCM, Plaintiff's entitlement to statutory damages is capped at $1,000.00 per action. See, *e.g.*, Dorsey v. Morgan, 760 F. Supp. 509 (D. Md. 1991); Kennedy v. Hankey Group, 2010 U.S. Dist. LEXIS 40184 (D. Md. 2010); Warren v. Sessoms & Rogers, P.A., 2012 U.S. App. LEXIS 552 (Jan. 11, 2012).

**EIGHTH AFFIRMATIVE DEFENSE**

The elements of the tort of invasion of privacy intrusion upon seclusion are an intentional intrusion upon another person's solitude, seclusion, private affairs, or concerns in a manner that would be highly offensive to a reasonable person. Trundle v. Homeside Lending, Inc., 162 F. Supp. 2d 396, 401 (D. Md. 2001). Intent is required. The tort cannot be committed by unintended conduct amounting only to a lack of due care. Bailer v. Erie Ins. Exch., 344 Md. 515, 687 A.2d 1375, 1381 (Md. 1997) (citing Snakenberg v. Hartford Cas. Ins. Co., 299 S.C. 164, 383 S.E. 2d. 2, 4 (S.C. App. 1989)). Plaintiff has not provided any facts or even a cogent argument substantiating any offensive conduct by MCM and has not articulated any basis to conclude that MCM's conduct would be highly offensive to a reasonable person in a similar situation. Plaintiff has failed to plead a viable claims for invasion of privacy intrusion upon seclusion based on telephone calls by MCM in the course of efforts to recover on two valid and delinquent debt obligations owed by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

MCM did not ring Plaintiff's phone repeatedly or continuously with respect to either debt obligation and Plaintiff has failed to aver a viable claim under 15 U.S.C. §1692d(5). Therefore, Plaintiff's claims under Section 1692d(5) should be withdrawn or dismissed.

**TENTH AFFIRMATIVE DEFENSE**

MCM did not engage in any conduct the natural consequence of which was to harass, oppress or abuse Plaintiff in the course of MCM's efforts to recover on two valid and delinquent debt obligations owed by Plaintiff. Therefore, Plaintiff's claims under Section 1692d and under MD. Code Comm. Law §14-202(6) should be withdrawn or dismissed.

**ELEVENTH AFFIRMATIVE DEFENSE**

MCM did not use obscene or abusive language toward Plaintiff and Plaintiff has provided no factual support for this claim. Therefore, Plaintiff's claims under the MD. Code Comm. Law §14-202(1) should be dismissed or withdrawn.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: August 8, 2012

By: */s/ Lauren M. Burnette*

Lauren M. Burnette, Esquire (No. 29597)
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3703
lmburnette@mdwcg.com

**CERTIFICATE OF SERVICE**

I certify that on this day I served a copy of the foregoing document *via* the PACER system, which service satisfies the Federal Rules of Civil Procedure, to the following:

Denies Bellamy, Esquire
9500 Arena Drive, Suite 280
Largo, MD 20774
dbellamy@lemberglaw.com
*(Counsel for Plaintiff)*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: August 8, 2012

By: */s/ Lauren M. Burnette*
Lauren M. Burnette, Esquire (No. 29597)
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3703
lmburnette@mdwcg.com